IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
PETER PAIZ,                          )
                                     )
            Plaintiff,               )   2:09-cv-02185-GEB-EFB
                                     )
       v.                            )
                                     )   ORDER DENYING PLAINTIFF'S
                                     )   APPLICATION FOR A TEMPORARY
JP MORGAN CHASE BANK, N.A.;          )   RESTRAINING ORDER
MORTGAGE ELECTRONIC REGISTRATION     )
SYSTEMS; FEDERAL SAVINGS BANK; and   )
AMTRUST BANK,                        )
                                     )
            Defendants.              )
                                     )
```

On October 16, 2009, Pro se Plaintiff Peter Paiz filed an ex parte application to stay foreclosure proceedings. This application will be treated as a request for a temporary restraining order ("TRO") since authority justifying the requested stay has not been provided. Plaintiff requests in his application that a trustee's sale of his property located at 5841 Marysville Blvd., Rio Linda, California, scheduled for October 21, 2009, be enjoined.

To be entitled to a TRO, Plaintiff must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [the moving party] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [his] favor." Bernhardt v. Los Angeles County, 339 F.3d

920, 925 (9th Cir. 2003).  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  LGS Architects, Inc. v. Concordia Homes of Nev., 434 F.3d 1150, 1155 (9th Cir. 2006).  Thus, the "greater the relative hardship to the moving party, the less probability of success must be shown."  Nat'l Ctr. for Immigrants Rights, Inc. v. Immigrations and Naturalization Serv., 743 F.2d 1365, 1369 (9th Cir. 1984).  "As an 'irreducible minimum,' [Plaintiff] must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation."  Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

     Plaintiff's complaint consists of twenty-one pages of amorphous factual and legal allegations against four named defendants and an indeterminate number of unknown individuals.  Plaintiff attempts to allege in his the complaint at least eleven claims against "Mortgage Defendants" and "Trustee Defendants."  Among these claims are "failure of consideration" (¶¶ 27-30), "claim for usury" (¶¶ 31-33), "breach of contract" (¶¶ 34-38), "claim for ultra vires" (¶¶ 39-43), "claim for indefiniteness of contract" (¶¶ 44-45), "unconscionability" (¶¶ 46-49), "fraud" (50-54), "cancellation" (¶¶ 55-56), "cause of action following trust property into its product against trustee" (¶¶ 57-59), "civil RICO" (¶¶ 60-66), and "allegations of criminal wrongdoing" (¶¶ 67-71).  Even when liberally construed, however, neither the complaint nor the Plaintiff's application for a TRO states a sufficient factual basis for a defendant's liability under any claim.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (noting that the moving party carries the burden of justifying, by a clear showing, his entitlement to injunctive relief).  Finally, aside

from copies of the Notice of Trustee Sale and Substitution of Trustee, Plaintiff has failed to present any affidavits or other admissible evidence supporting a likelihood of success on the merits on any alleged claim.  Even though Plaintiff's loss of his home may constitute an irreparable injury, Plaintiff has failed to establish that he has even a fair chance of success on the merits.

     Therefore, Plaintiff's application for a TRO is denied.

Dated:  October 20, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge