IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER PAIZ,

        Plaintiff,                    No. CIV S-09-2185 GEB EFB PS

vs.

JP MORGAN CHASE BANK, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS (MERS);
FEDERAL SAVINGS BANK; and
AMTRUST BANK,

                               ORDER TO SHOW CAUSE

        Defendants.
_____/

        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 10, 2009, defendant JP Morgan Chase Bank removed this action from Sacramento County Superior Court to the Northern District of California based on federal question jurisdiction, and on August 7, 2009, the action was transferred to this district from the Northern District of California. Dckt. Nos. 1, 15. On October 2, 2009, defendant JP Morgan Chase Bank filed a motion to dismiss plaintiff's complaint, and noticed the motion for hearing on December 2, 2009. Dckt. No. 24. Defendant AmTrust Bank has joined in the motion. Dckt. No. 31.

1

Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must personally be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by November 18, 2009.[1] Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to January 13, 2010, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiff shall show cause, in writing, no later than December 28, 2009, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than December 28, 2009.

---

[1] Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date. Local Rule 78-230(c).

1       4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition
2 to the pending motion, and may result in a recommendation that this action be dismissed for lack
3 of prosecution.  *See* Fed. R. Civ. P. 41(b).
4       5. Defendants may file a reply to plaintiff's opposition, if any, on or before January 6,
5 2009.
6       6. The scheduling conference currently set for December 9, 2009 is continued to
7 February 24, 2010 at 10:00 a.m. in Courtroom No. 25.  The parties' status reports, as required by
8 the August 7, 2009 scheduling order, Dckt. No. 18, shall be filed on or before February 10, 2010.
9       SO ORDERED.
10 DATED:  November 20, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3