IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER PAIZ,

        Plaintiff,                            No. CIV S-09-2185 GEB EFB PS

    vs.

JP MORGAN CHASE BANK, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS (MERS);
FEDERAL SAVINGS BANK; and
AMTRUST BANK,

        Defendants.                       <u>ORDER</u>

_____/

        On January 5, 2010, the magistrate judge filed findings and recommendations herein which were served on the parties and which contain notice that any objection to the findings and recommendations was to be filed within fourteen days.  No objections were filed.

        The findings and recommendations concern a motion to dismiss filed October 2, 2009, and Plaintiff's failure to respond to an order ("OSC") requiring him to show cause, in writing, why sanctions should not be imposed for his failure to timely file an opposition or a statement of non-opposition to the October 2, 2009 motion.  The OSC informed Plaintiff about his failure to have filed an opposition to the October 2, 2009 dismissal motion, and warned Plaintiff that if he failed to file an opposition that failure "will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack

1  of prosecution." Plaintiff failed to respond to the OSC and did not file an opposition to the motion.

2        This case was removed from the California Superior Court located in the County of
3  Sacramento based on the following federal question allegations in Plaintiff's Complaint: "Defendant has
4  violated federal laws with respect to the seizing of a vessel and the property of an enemy alien, usury,
5  issuing of loans with negotiable tender of U.S. dollars and racketeering," "Federal Statute 46 U.S.C. 748
6  for payment of judgments and claims against the United States Vessels, (which includes the legal fiction
7  PETER PAIZ), by the [U]nited States Secretary of the Treasury," "Federal Statute 50 app USC 7, 9 &
8  32, for the return of property seized, to be returned by the United States Attorney General as the Alien
9  Property Custodian under the Trading with the Enemy Act under Title 50 app," "USC Title 12 > Chapter
10 2 > Subchapter IV> § 85 and 86," "[a]ttempted Collection of an Unlawful Debt in Violation of
11 Principles of Law enshrined within 18 USC 1961, 1962, and 1964 . . . in the operation of an enterprise
12 which engages in activities which affect interstate and foreign commerce," and "a patter[n], practice and
13 course of conduct which constitutes a criminal enterprise in violation of Federal and State Racketeering
14 Statutes." (Not. of Removal at 3). (Id.)

15       Review of Plaintiff's Complaint and the October 2, 2009 motion to dismiss reveals
16 Plaintiff fails to state a viable federal claim. Therefore, Plaintiff's federal claims are dismissed, and this
17 case is remanded to the California Superior Court located in the County of Sacramento from where it
18 was removed.

19 Dated: March 23, 2010

21                                   GARLAND E. BURRELL, JR.
22                                   United States District Judge